1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          **EASTERN DISTRICT OF CALIFORNIA**

10

11    BOBBY CISNEROS,                         )    Case No.: 1:12-cv-0931- BAM
                                              )
12                     Plaintiff,             )    **ORDER ON PLAINTIFF'S SOCIAL SECURITY**
                                              )    **COMPLAINT**
13           v.                               )
                                              )
14    CAROLYN W. COLVIN, Commissioner of      )
      Social Security,                        )
15                                            )
                       Defendant.             )
16    _____)

17

18                                  **INTRODUCTION**

19           Plaintiff Bobby Cisneros ("Plaintiff") seeks judicial review of a final decision of the

20    Commissioner of Social Security ("Commissioner") denying his application for supplemental security

21    income ("SSI") pursuant to Title XVI the Social Security Act.[1]  The matter is currently before the

22    Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge

23    Barbara A. McAuliffe.  The Court finds the decision of the Administrative Law Judge ("ALJ") to be

24    supported by substantial evidence in the record as a whole and based upon proper legal standards.

25    Accordingly, this Court affirms the agency's determination to deny benefits.

26

      _____
27    [1]    Carolyn W. Colvin because the Acting Commissioner of Social Security on February 14, 2013.
      Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be
28    substituted for Michael J. Astrue as the defendant in this suit.

1

**FACTS AND PRIOR PROCEEDINGS**

2

On January 24, 2008, Plaintiff filed his current application for SSI alleging disability beginning

3

September 10, 2005.  AR 18.[2]  Plaintiff's application was denied initially and on reconsideration.  AR

4

18. Subsequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  ALJ

5

Regina L. Sleater held a hearing on May 18, 2011, and issued an order denying benefits on July 25,

6

2011.  AR 16-26.  Plaintiff sought review of the ALJ's decision, which the Appeals Council denied,

7

making the ALJ's decision the Commissioner's final decision.  AR 1-3.  This appeal followed.

8

**Hearing Testimony**

9

The ALJ held a video hearing on May 18, 2011 from San Jose, California.  AR 66.  Plaintiff

10

appeared and testified in Fresno, CA.  AR 46.  He was represented by attorney Melissa Proudian.  AR

11

64.  Impartial psychological expert Stanley Golon, M.D. testified.  Impartial Vocational Expert ("VE")

12

Judith Najarian also testified.  AR 64.

13

Plaintiff was 22 years old at the time of the hearing.  AR 69.  He lives with his foster mother

14

and her family at their home.  Plaintiff does not have a high school diploma, he testified that he

15

dropped out of high school because it was a "hassle," but is currently working on obtaining his GED.

16

AR 73-74. Plaintiff has a limited work history.  According to Plaintiff, he received a job doing

17

janitorial work at Fresno City College through work force connection, but he only lasted a week.  AR

18

75.  He testified that he left his clean-up job because he was required to pick up items from the parking

19

lot between 6:00 a.m. and 7:30 a.m.  Plaintiff took issue with the "timing."  AR 76.  Plaintiff also

20

previously worked as a car wash attendant for approximately three months and as a

21

gardener/landscaper.  AR 78.  Plaintiff testified that he has tried looking for another job, but he has

22

had a hard time obtaining one.  AR 76.

23

Dr. Golon, a board certified psychologist, reviewed the medical evidence and testified that

24

Plaintiff suffers from borderline intellectual functioning.  AR 69-70.  Plaintiff would have moderate

25

limitations in concentration, persistence, and pace and social functioning due to his impairments.  AR

26

71.  According to Dr. Golon, due to these moderate limitations, Plaintiff would have problems with

27

28

---

[2]     References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

2

distractibility and staying on task, and he would estimate this problem to occur about 15 to 20 percent of the time.  AR 71. Dr. Golon testified Plaintiff would be best suited for employment where he would have limited contact with the public and occasional contact with co-workers and supervisors.  AR 72.  Further, he testified that Plaintiff could perform simple, repetitive, low stress, work related activities, and that Plaintiff would need additional supervision and additional training versus most workers.  AR 72. Dr. Golon further testified that he agreed with the limitations put forth in the consultative examination and that Plaintiff's overall functioning, particularly his behavioral problems, have improved over the past few years.  AR 72.

Thereafter, the ALJ elicited testimony of a vocational expert.  AR 77.  First, the VE was asked to consider jobs a person could complete assuming a hypothetical worker of Plaintiff's age, education, and work experience "who needs a simple, repetitive, low stress job."  AR 79.  The ALJ further explained as follows:

> And by low stress I mean not production pace and not requiring lots of decision making, you know, not in a decision making position.  Simple decisions like, should I empty the waste basket in this room or that room, would be okay but—anyway, low stress.  Who would be distracted from his job 15 to 20 percent of the time who should have no contact with the public; occasional contact or interaction with co-workers and supervisors; and who should have a job that—if there's a change in instruction, changes should not just be auditorily communicated or if they are auditorily communicated, they will take a longer—there should be a follow-up period of instruction.  AR 79.

The VE indicated that such an individual would not be able to perform work as it exists in the national economy because such an individual would be off-task for over an hour a day.  AR 80.

In a second hypothetical, the VE was asked to consider the same hypothetical worker; however this individual could perform his job without any distractibility.  AR 83.   The VE indicated that such an individual could perform Plaintiff's past relevant work as a car wash attendant. AR 84.

**Medical Record**

The entire medical record was reviewed by the Court.  AR 316-528.  The medical evidence will be referenced below as necessary to this Court's decision.

3

1

**The ALJ's Decision**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff did not meet the disability standard.  AR 16-26.  More particularly, the ALJ found that Plaintiff had not engaged in any substantial gainful activity since January 24, 2008.  AR 18.  Further, the ALJ identified borderline intellectual functioning and impulse control disorder as severe impairments.  AR 18.  Nonetheless, the ALJ determined that the severity of the Plaintiff's impairments did not meet or exceed any of the listed impairments.  AR 19.

Based on her review of the entire record, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform the full range of work at all exertional levels but with the following nonexertional limitations:

- The claimant is limited to simple tasks (1 & 2 steps) with unidirectional instructions (primarily demonstrative);
- The claimant must avoid jobs requiring any academics;
- The claimant is limited to low stress (nonproduction pace and nondecision-making) jobs;
- The claimant must avoid all contact with the public and is limited to occasional interaction with co-workers and supervisors.  AR 22.

The ALJ subsequently found that Plaintiff was able to perform his past relevant work as a car wash attendant.  AR 23.  The ALJ therefore found that Plaintiff was not disabled under the Social Security Act.  *Id.*

**SCOPE OF REVIEW**

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act.  In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence.  42 U.S.C. § 405 (g).  Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance.  *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975).  It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson*, 402 U.S. at 401.  The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commission's conclusion.  *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).  In weighing the

1   evidence and making findings, the Commission must apply the proper legal standards.  *E.g., Burkhart*

2   *v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988).   This Court must uphold the Commissioner's

3   determination that the claimant is not disabled if the Secretary applied the proper legal standards, and

4   if the Commission's findings are supported by substantial evidence.  *See Sanchez v. Sec'y of Health*

5   *and Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

**REVIEW**

6

7        In order to qualify for benefits, a claimant must establish that he or she is unable to engage in

8   substantial gainful activity due to a medically determinable physical or mental impairment which has

9   lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §

10  1382c (a)(3)(A).  A claimant must show that he or she has a physical or mental impairment of such

11  severity that he or she is not only unable to do his or her previous work, but cannot, considering his or

12  her age, education, and work experience, engage in any other kind of substantial gainful work which

13  exists in the national economy.  *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989).  The

14  burden is on the claimant to establish disability.  *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir.

15  1990).

16        Here, Plaintiff argues that the ALJ erred in: (1) rejecting the testimony of reviewing physician,

17  Dr. Golon; (2) assessing his credibility; and (3) evaluating his past relevant work.

**DISCUSSION[3]**

18

19  **1.        The ALJ's Medical Opinion Testimony Evaluation**

20        First, Plaintiff challenges the ALJ's consideration of Dr. Golon's opinion regarding his mental

21  impairments. Specifically, Plaintiff argues that the ALJ implicitly rejected Dr. Golon's conclusion that

22  Plaintiff would be distracted 15-20% of the day.  According to Plaintiff, the ALJ cannot pick and

23  choose parts of the record to support her disability finding.  (Doc. 14 at 8). Plaintiff further asserts that

24  it was also error to adopt the opinion of examining physician Richard Engeln, Ph.D. over Dr. Golon's

25

26

---

27  [3]      The parties are advised that this Court has carefully reviewed and considered all of the briefs, including

28  arguments, points and authorities, declarations, and/or exhibits.  Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

1    testimony because Dr. Engeln failed to review all of Plaintiff's records prior to his exam.  (Doc. 14 at

2    6-7).

3         While Plaintiff espouses the principle that an ALJ cannot "pick and choose" among portions of

4    medical opinions, in fact, this is not a correct summation of the law. An examining physician's

5    opinion, for example, is accorded great weight when it is supported by objective evidence in the record

6    and is consistent with other substantial evidence in the record. 20 C.F.R. §§ 404.1527(d)(2), (3),

7    416.927(d), (2), (3)(2009); Social Security Ruling ("SSR") 96-2p, 1996 SSR LEXIS 9. Thus, where all

8    or part of an examining physician's opinion is contradicted by other, independently derived evidence,

9    the ALJ may reject all or part of such opinion by setting forth specific and legitimate reasons that are

10   supported by substantial evidence in the record. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir.

11   2001). Essentially, it is the ALJ's province to review and evaluate the evidence as a whole. Often,

12   there may be more than one rational interpretation of the evidence. Thus, if the ALJ's interpretation is

13   supported by substantial evidence, it will be upheld.  *See Magallanes v. Bowen*, 881 F.2d 747, 751

14   (9th Cir. 1989).

15        At the hearing, Dr. Golon, a reviewing medical expert, testified that Plaintiff suffered from

16   borderline intellectual functioning and impulse control disorder.  Dr. Golon did not believe that either

17   of these impairments individually or in combination met a social security listing.  AR 71. When asked

18   if Plaintiff would experience limitations in the work place, Dr. Golon testified that Plaintiff has a

19   moderate limitation in concentration, persistence, and pace.  Dr. Golon testified that Plaintiff would

20   not be off task for 1/3 third of the day and he further explained that although Plaintiff has been

21   diagnosed as mentally retarded in the past, recent IQ testing showed that Plaintiff tested in the low

22   70's—a range not associated with mental retardation.  AR 71.  Plaintiff would have problems with

23   distractibility and Plaintiff may be off-task approximately 15-20% of the time.  AR 71.  In Dr. Golon's

24   opinion, Plaintiff could work, but should be limited to simple, repetitive, low stress work related

25   activities.  AR 72.  Dr. Golon also concluded that he agreed with the limitations put forth by Plaintiff's

26   examining physician, Dr. Engeln.

27        On April 11, 2008, consultative psychologist Richard Engeln, Ph.D., examined Plaintiff at the

28

1    request of the agency.  AR 322. Dr. Engeln opined that Plaintiff presented with no evidence of any

2    mental or emotional illness.  AR 325.  He further opined that Plaintiff's intellectual measurements are

3    verbal intelligence and visual intelligence in the mid borderline range.  AR 325.  Dr. Engeln found that

4    Plaintiff was cognitively, and socially capable of entry-level job adjustment, in a context where

5    instructions are one-dimensional and normal supervision was provided.  AR 325-326. Dr. Engeln also

6    noted that Plaintiff was able to perform one-to-two step, simple job instructions, but not able to receive

7    complex or technical job instructions, or changing auditory instructions.  AR 326.

8           The ALJ gave "very significant weight" to the opinions of both Drs. Golon and Engeln because

9    they were well supported and consistent with the record as a whole. The ALJ did implicitly reject Dr.

10   Golon's opinion that Plaintiff would be distracted 15-20% of the time, since this limitation is not

11   incorporated into Plaintiff's mental RFC.  Though Plaintiff argues that the ALJ was required to adopt

12   Dr. Golon's distractibility finding, Plaintiff is incorrect.  The ALJ is not required to adopt all of a

13   physician's assessments. *See e.g., Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002);

14   *Magallanes*, 881 F.2d at 753 (holding the ALJ is not required to adopt all of a physician's findings to

15   find that his opinion contains substantial evidence). The record reflects that Plaintiff performs well at

16   jobs he enjoys.   The ALJ noted that Plaintiff's job procurement specialist at Vocation Plus Services

17   recommended that Plaintiff be given a job that he enjoys.  The ALJ also noted that as of the hearing

18   date, Plaintiff was attending Fresno Adult and Community Education School.  He was taking regular

19   courses in basic study skills, GED assessment, and other classes to "improve basic literacy skills."  AR

20   24.  Plaintiff also testified at the hearing that his hobbies include detailing cars.  This evidence

21   arguably contradicts a finding that Plaintiff would be off-task for over an hour a day during an eight-

22   hour work day, when working as a car wash attendant.

23          It is the responsibility of the ALJ, not a claimant's physician, to determine the RFC. *Vertigan*

24   *v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). Dr. Golon testified as an impartial medical expert at

25   Plaintiff's hearing. The opinion of an impartial medical expert is treated as that of a nontreating,

26   nonexamining medical advisor.  The ALJ gave significant weight to the reviewing opinion of Dr.

27   Golon that Plaintiff had moderate limitations in concentration, persistence or pace.  AR 21.  The ALJ

28   also relied on Dr. Engeln's examining opinion, which did not find that Plaintiff would be off-task for a

1   definite amount of time throughout the day.  In the hierarchy of physician opinions considered in

2   assessing a social security claim, "[g]enerally, a treating physician's opinion carries more weight than

3   an examining physician's, and an examining physician's opinion carries more weight than a reviewing

4   physician's." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001); 20 C.F.R. §

5   404.1527(d)(1)-(2). The opinion of an examining physician is entitled to greater weight than the

6   opinion of a nonexamining physician. *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir.1990); *Gallant v.*

7   *Heckler*, 753 F.2d 1450 (9th Cir.1984). Dr. Engeln thoroughly examined Plaintiff and conducted

8   several psychological tests.  Dr. Golon reviewed Dr. Engeln's assessments and agreed with Dr.

9   Engeln's findings.  The ALJ subsequently gave Dr. Golon's opinion significant weight because it was

10  consistent with the evidence in the record.  Thus, to the extent that Dr. Golon's reviewing opinion was

11  not consistent with that of Dr. Engeln, it was properly disregarded.  Moreover, even if the ALJ erred

12  by failing to specifically explain why she rejected this additional limitation; such error was harmless,

13  because conflicting physician testimony would constitute substantial evidence to reject this additional

14  limitation by a reviewing physician. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("A

15  decision of the ALJ will not be reversed for errors that are harmless."); *Summers v. Astrue*, 2011 WL

16  1211860 (C.D. Cal. 2011) ("An ALJ's error is harmless where such error is inconsequential to the

17  ultimate non-disability determination").

18          Lastly, Plaintiff complains that the ALJ should discount Dr. Engeln's report because Dr.

19  Engeln did not review all of Plaintiff's medical and non-medical records prior to his consultative

20  examination. Plaintiff's argument is without merit however, because Social Security regulations do not

21  require that a consulting physician review all of the claimant's background records.  *See, e.g.*, 20

22  C.F.R. § 404.1517; *Walshe v. Barnhart*, 70 Fed. Appx. 929, 931 (9th Cir. 2003) (consulting physician

23  not required to review Plaintiff's background records). Further, the majority of evidence in the record

24  consists of Plaintiff's non-medical records from his special education teachers—which the ALJ

25  disregarded as irrelevant for the purposes of determining Plaintiff's disability status.  The ALJ noted

26  that Plaintiff provided several year old records dating back to the time when he was a young student in

27  school.  AR 22.  The ALJ found that while those records were relevant for context, the records did not

28

1    "shed much light on the claimant's levels of function as of the SSI application date of January 24,

2    2008." AR 22.

3           Dr. Engeln's report was supported by substantial relevant evidence and was properly afforded

4    substantial weight by the ALJ. Accordingly, the Court will not reverse or remand the ALJ's decision

5    for failure to properly weigh the medical opinion testimony.

6    **2.        The ALJ Provided Sufficient Reasons to Reject Plaintiff's Subjective Testimony**

7           Next, Plaintiff alleges that he suffers from mild mental retardation which prevents him from

8    understanding and completing job tasks without supervision. AR 22. Plaintiff argues the ALJ gave

9    insufficient reasons for rejecting this testimony. (Doc. 14 at 11). The Court disagrees.

10          In assessing Plaintiff's credibility, the ALJ explained:

11          The undersigned has reviewed the entire record, including the claimant's school records
            post hearing. The record indicates that claimant was in special education but that his
12          biggest problem in high school was not attending and defying teachers when he is
            there. As noted by the medical expert, the claimant appears to have some cognitive
13          deficiencies and improving behavioral problems. However, this evidence does not
            support a finding that this very young claimant's impairments would preclude simple
14          and repetitive work with appropriate restrictions.

15          …

16          The undersigned finds that the claimant's medically determinable impairment could
            reasonably be expected to cause the alleged symptoms; however, the claimant's
17          statements concerning the intensity, persistence and limiting effects of these symptoms
            are not credible to the extent they are inconsistent with the above residual functional
18          capacity assessment. In reaching this conclusion, the undersigned has considered the
            claimant's own lack of subjective complaints, the absence of longitudinal records
19          showing regular contact with behavioral health providers and psychiatrists; the
            claimant's receipts of only routine and conservative treatment; the claimant's lack of
20          attempts to obtain relief from his psychological symptoms; the lack of consistency of
            claimant's subjective complaints throughout the record; the claimants very inconsistent
21          work history and earnings record even prior to the alleged onset of disability; and the
            presence of acknowledged daily activities at a level fundamentally inconsistent with the
22          allegations of disabling symptoms. The undersigned also carefully observed the
            claimant at the hearing, and found that he demonstrated sufficient ability to concentrate
23          and interact to cast doubt upon the credibility of his allegation and testimony. AR 25.
24

25          To reject a claimant's symptom testimony—absent affirmative evidence of malingering, and

26   assuming his impairments could reasonably give rise to his reported symptoms—the ALJ must make

27   specific credibility findings supported by clear and convincing reasons. *See Robbins v. Soc. Sec.*

28

1   *Admin.*, 466 F.3d 880, 883 (9th Cir. 2006); *Schow v. Astrue*, 272 F. App'x 647, 654 (9th Cir. 2008).

2   An ALJ may engage in ordinary techniques of assessing credibility. *Burch,* 400 F.3d at 680.

3        The ALJ provided several clear and convincing reasons for concluding Plaintiff's testimony

4   was not credible.  First, the ALJ noted that, despite alleging an inability to work due to his mental

5   impairments, Plaintiff was not undergoing any treatment for his alleged disability, and his prior

6   treatment was routine and conservative. AR 25.  Scant medical records exist prior to Plaintiff's request

7   for benefits.  Plaintiff's medical records are in large part related to an isolated asthma attack and minor

8   surgery from the excision of a BB gun pellet lodged in his back.  AR 401.  Plaintiff was also placed on

9   psychiatric hold in 1999 after threatening to harm himself and his foster parents.  AR 396. Plaintiff's

10  non-medical records consist of progress reports from school which indicate that Plaintiff was

11  excessively truant, had a disaffected attitude, and was frequently punished for disciplinary problems.

12  AR 506, 509.

13       An ALJ may consider the conservative nature of a claimant's treatment in evaluating the

14  impairment's limiting effects. *See* 20 C.F.R. § 416.929(c)(3)(v); *Johnson v. Shalala*, 60 F.3d 1428,

15  1434 (9th Cir. 1995) (upholding ALJ's finding that "conservative treatment" suggested "a lower level

16  of both pain and functional limitation").  The ALJ further noted that the record lacked "longitudinal

17  records showing regular contact with behavioral health providers and psychiatrists." AR 25.  It was

18  proper for the ALJ to consider this objective medical evidence as part of his credibility evaluation. *See*

19  *Morgan v. Comm'r of Soc. Sec.*, 169 F.3d 595, 600 (9th Cir. 1999) (a conflict between subjective

20  complaints and objective medical evidence in the record is a sufficient reason that undermines a

21  claimant's credibility); *Burch*, 400 F.3d at 681 ("Although lack of medical evidence cannot form the

22  sole basis for discounting symptom testimony, it is a factor that the ALJ can consider in his credibility

23  analysis").

24       Next, the ALJ correctly discounted Plaintiff's credibility based on inconsistent statements he

25  made about his prior work history as well as activities of daily living.  AR 25. *See Bunnell v. Sullivan*,

26  947 F.2d 341, 346 (inconsistent statements are one factor that can be used in determining a claimant's

27  credibility). The ALJ specifically noted that Plaintiff had an inconsistent work history and testified

28  inconsistently about his prior work.  AR 25-26.  In completing his social security forms, Plaintiff

1   reported that he never worked (AR 312), but at the hearing testified that he worked as

2   gardener/landscaper.   AR 80-81.   Further, Plaintiff also reported that he worked as a car wash

3   attendant.   AR 239, 242-243, 254.

4          The ALJ also noted inconsistencies between Plaintiff's reported daily activities and his

5   contention of total disability.   AR 25.   Plaintiff reported that he had no problems attending to his

6   personal care, preparing meals, and enjoyed spending time with friends.   AR 18-19, 234-237.  Further,

7   Plaintiff reported that he loved to detail cars and testified to trying to get his GED.   AR 73.  The record

8   also demonstrated that Plaintiff was attending a Fresno County GED program five days per week and

9   was considering a vocational or trade school after getting his diploma.   AR 23, 73, 362, 382.  The ALJ

10  appropriately considered Plaintiff's admitted activities of daily living, which included daily care, the

11  propensity for job training, and interaction with others.   Plaintiff testified to performing such a variety

12  of activities, and doing so with a frequency and to such an extent, that it was inconsistent with

13  Plaintiff's claims of inability to perform even simple, repetitive work.

14         Finally, though Plaintiff suggests that the ALJ should not have considered his inconsistent

15  work history, because he is merely 22 years old, in this, the ALJ was correct.   The ALJ noted that "it

16  appears from the record and the claimant's testimony that he is simply not very motivated to work."

17  AR 25.   Indeed, at the hearing, Plaintiff explained that he quit his janitorial job after a week due to

18  timing, because he was required to pick up trash from the parking lot at 6:00 a.m.   A claimant's

19  extremely poor work history shows that he has little propensity to work and negatively affects his

20  credibility regarding his inability to work. *Thomas,* 278 F.3d at 959.   Though Plaintiff is a young aged

21  individual, the record supports a conclusion that Plaintiff had a very limited propensity to work.

22         In summary, the Court concludes that the ALJ cited clear and convincing reasons for rejecting

23  Plaintiff's subjective complaints regarding the intensity, duration, and limiting effects of his

24  symptoms, and that the ALJ's reasons were properly supported by the record and sufficiently specific

25  to allow this Court to conclude that the ALJ rejected the claimant's testimony on permissible grounds

26  and did not arbitrarily discredit Plaintiff's testimony.

27

28

11

1      **3.      Plaintiff's Past Relevant Work as a Car Wash Attendant**

2              Finally, Plaintiff argues that the ALJ erred in characterizing his past work as a car wash

3      attendant as past relevant work under the Social Security regulations because, "[his] earnings do not

4      equate to substantial gainful activity." (Doc. 14 at 12).  Social Security regulations indicate that "past

5      relevant work" is work experience that was done within the last fifteen years, lasted long enough for

6      the claimant to learn to do it, and was substantial gainful activity. 20 C.F.R. § 404.1565. Plaintiff

7      concedes that his experience as a car wash attendant was within the last fifteen years and that he had

8      learned the requisite skills.    However, Plaintiff argues that to be considered past relevant work he

9      must have earned over $864.00 a month for the period at issue.  20 C.F.R. § 416.974(b)(2)(Table 1).

10     Plaintiff's earnings at the carwash are as follows: In 2005, Plaintiff earned $270.00, in 2006 he earned

11     $2,775.60, and in 2007 he earned $273.75.

12             Here, Plaintiff provided a statement to the agency regarding his past work.  AR 242-243.  In it,

13     Plaintiff stated that he worked as a car washer in 2004.  AR 243.  Plaintiff stated that his "rate of pay"

14     was $8.00 per hour and he worked 8 hours a day, 6 days a week.  AR 243. Based on that information,

15     Plaintiff's pay calculates to approximately $1,536.00 per month, which is above the $864.00 per

16     month standard and thus would qualify as substantial gainful activity.  AR 26. 194. *See* 20 C.F.R. §

17     416.974.  The ALJ was justified in relying on Plaintiff's statement of how much he earned as a car

18     wash attendant.  AR 243. *See generally* 20 C.F.R. § 416.912(b)(3) (defining "evidence," in part, as

19     statements a claimant makes to the agency).

20             Further, the Court finds that this argument is waived because Plaintiff failed to assert this

21     argument during the proceedings before the ALJ. *See Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir.

22     1999) (holding that "at least when claimants are represented by counsel, they must raise all issues and

23     evidence at their administrative hearings in order to preserve them on appeal"); *Marathon Oil Co. v.*

24     *United States*, 807 F.2d 759, 767 (9th Cir. 1986) (stating that, "[a]s a general rule, we will not consider

25     issues not presented before an administrative proceeding at the appropriate time."); *see also Mills v.*

26     *Apfel*, 244 F.3d 1, 8 (1st Cir. 2001) (finding waiver due to failure to raise issue at hearing before ALJ,

27     as opposed to the Appeals Council); *Shaw v. Comm'r of SSA*, 2008 U.S. Dist. LEXIS 30170, *20

28     (N.D. Cal. 2008) (Claimant waived argument challenging past relevant work when he failed to raise

1  that objection at the hearing). At the hearing, the ALJ considered Plaintiff's job as a car wash

2  attendant as past relevant work—*e.g.,* posing hypotheticals to the vocational expert about that job—

3  but neither Plaintiff nor his counsel ever voiced an objection on the basis that the job could not be

4  considered past relevant work based on Plaintiff's actual pay.  Further, after the ALJ issued the July

5  2011 decision finding that Plaintiff could return to his past relevant work as a car wash attendant,

6  Plaintiff did not challenge this finding in his brief to the Appeals Council.  AR 10-12. *See Robinson v.*

7  *Apfel*, 2000 WL 1028946, *3 (9th Cir. 2000) (even though the Supreme Court ruled that a claimant

8  does not waive judicial review of an issue by failing to raise it before the Appeals Council, the holding

9  in *Meanel v. Apfel* is still valid for the proposition that a represented claimant must raise all issues at

10  their administrative hearings).

11          Here, the ALJ's finding that Plaintiff could return to his prior work, as actually performed, was

12  based on a citation to documentary evidence submitted by the Plaintiff himself. That there may be

13  evidence supporting a different conclusion is not a sufficient reason to reverse the ALJ. Where there is

14  substantial evidence supporting the ALJ's conclusion, the Court will not substitute its own judgment

15  for that of the ALJ.

16                                          **CONCLUSION**

17          Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial

18  evidence in the record as a whole and is based on proper legal standards. Accordingly, this Court

19  **DENIES** Plaintiff's appeal from the administrative decision of the Commissioner of Social Security.

20  The Clerk of this Court is **DIRECTED** to enter judgment in favor of Defendant Carolyn W. Colvin,

21  Commissioner of Social Security, and against Plaintiff, Bobby Cisneros.

22

23  IT IS SO ORDERED.

24          Dated:    **September 24, 2013**            /s/ *Barbara A. McAuliffe*

25                                          UNITED STATES MAGISTRATE JUDGE

26

27

28